# FORCHELLI, CURTO, DEEGAN, SCHWARTZ, MINEO, COHN & TERRANA, LLP

COUNSELORS AT LAW

THE OMNI
333 EARLE OVINGTON BLVD., SUITE 1010
UNIONDALE, NEW YORK 11553
TELEPHONE: (516) 248-1700
FACSIMILE: (516) 248-1729

WEBSITE:WWW.FORCHELLILAW.COM

**RUSSELL G. TISMAN**
PARTNER
RTISMAN@FORCHELLILAW.COM

August 13, 2009

MELVILLE, NEW YORK
BY APPOINTMENT ONLY

BY ECF

Hon. Roslynn R. Mauskopf
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201


Re:     Hagstrand v. Freeman Decorating Services, Inc.
        09 CV 1258 (RMM)(MDG)


Dear Judge Mauskopf:

We represent defendant Freeman Decorating Services, Inc. ("Freeman") in the referenced personal injury action. I submit this letter in reply to plaintiff's counsel's pre-summary judgment motion response letter, dated August 10, 2009, (Docket no. 6) to explain why new arguments he advances under the New York Labor Law are insufficient to defeat our proposed summary judgment motion.

Freeman's pre-motion letter (Docket no. 5) explained that Mr. Hagstrand was a special employee of Freeman, and under the controlling law cited in that letter, that his worker's compensation benefits were his exclusive remedy for the on the job injury asserted in this lawsuit. Mr. Sacco's letter candidly concedes Mr. Hagstrand's status as Freeman's special employee. Mr. Sacco, nevertheless, argues that his client is entitled to defeat summary judgment by relying on New York Labor Law § 241(6), which under certain circumstances imposes a non-delegable duty to provide a safe workplace, and § 200 which codifies common law negligence claims.[1] His analysis, however, does not address the scope of the exclusive remedy provision under the Worker's Compensation Law.

The exclusive remedy provided under Workers Comp. Law § 11, which bars actions against employers and special employers, applies both to common law negligence claims,

---

[1] Mr. Hagstrand's complaint asserts only a single cause of action for common law negligence, and no statutory claims. Such unpled claims cannot form a basis to defeat summary judgment.

FORCHELLI, CURTO, DEEGAN, SCHWARTZ, MINEO, COHN & TERRANA, LLP

COUNSELORS AT LAW

Hon. Roslynn R. Mauskopf
August 13, 2009
Page 2

*and* to the statutory claims discussed in Mr. Sacco's letter. See, e.g., Giannola v. Shepard Exhibition Services, Slip op., (Sup. Ct. N.Y. Co. April 4, 2007), (a Javits Center carpenter's claims under Labor Law §§ 200, 240(1) and 241(6), barred by the exclusive remedy provision); Lucey v. Golton Marine Co., Inc., 267 A.D.2d 360, 701 N.Y.S.2d 98 (2d Dep't 1999) (common law negligence); Briggs v. Pymm Thermometer Corp., 147 A.D.2d 433, 537 N.Y.S.2d 553 (2d Dep't 1989) (§ 241(6)); Claudio v. Lefrak, 100 A.D.2d 837, 473 N.Y.S.2d 833 (2d Dep't 1984) (common law negligence); Bardere v. Zafir, 102 A.D.2d 422, 477 N.Y.S.2d 131 (1st Dep't 1984) (§ 200 claim); Rarick v. Samal Const. Co., 137 Misc.2d 953, 522 N.Y.S.2d 829 (Sup. Ct. Albany Co. 1987) (§§ 200 and 241(6) claims); Hulix, as Administratrix v. M. Foschi and Sons, 123 Misc.2d 567, 474 N.Y.S.2d 401 (Sup. Ct. Kings Co. 1984) (§ 241(6) claim).

Moreover, the sections cited by plaintiff pertain, by their terms, only to owners or general contractors involved in construction. They do not apply to a trade show decorating contractor, like Freeman. Nor do they apply to Mr. Hagstrand's activities which involved moving a registration table, and not construction. See e.g., Ryan v. Freidman Decorating, Inc., 2005 US Dist. LEXIS 15596 (S.D.N.Y. 2005) (Javits Center freight handler moving crates which may have contained exhibit materials was not engaged in an activity covered under Labor Law §§ 240(1) or 241(6); Serwatka v. Freeman Decorating Corp., 2001 WL 1203805 (S.D.N.Y. 2001) (claims of trucker delivering construction materials to Javits Center were too attenuated from the statutorily enumerated construction activity to fall within the ambit of the Labor Law); and Giannola, supra (union carpenter hanging banner as part of trade show set up at Javits Center not involved in an enumerated activity).

Moreover, in Ryan, where Judge Dollinger summarily dismissed Labor Law claims against a trade show organizer which were brought by an NYCCOC-employed teamster, the court also held that the sponsor, as licensee, was not an owner[2] under the Labor Law, and, even though it had hired various contractors, including Freeman, it also was not a general contractor. These cases compel the conclusions both that Mr. Hagstrand's activities in attempting to move a preassembled registration table was not a construction activity covered under Labor Law §§ 200 and 240(1), and that Freeman's role as a specialty contractor[3] retained by a show sponsor, was not a general contractor within the meaning of New York's Labor Law provisions.

---

[2] The Javits Center is owned by New York Convention Center Development Corp., and operated by Hagstrand's general employer, New York Convention Center Operating Corp., pursuant to a grant of authority under Pub. Auth. Law § 2560.

[3] Freeman didn't utilize subcontractors.

FORCHELLI, CURTO, DEEGAN, SCHWARTZ, MINEO, COHN & TERRANA, LLP

COUNSELORS AT LAW


Hon. Roslynn R. Mauskopf
August 13, 2009
Page 3


   In sum, the exclusive worker's compensation remedy bars Mr. Hagstrand from maintaining his unasserted Labor Law claims which also fall outside the Labor Law's protections.

        Very truly yours,

        FORCHELLI, CURTO, DEEGAN, SCHWARTZ,
        MINEO, COHN & TERRANA, LLP

        Russell G. Tisman

RGT/ms

cc. Tonino Sacco, Esq. (By ECF)
  Hon. Marilyn Dolan Go (By ECF)


File No. 28163
TM\Mauskopf.08.12.09